**CEM**

**FILED**
**JANUARY 3, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS

**08 C 63**

------------------------------------
:
**ELAINE L. CHAO**, Secretary of Labor, :
United States Department of Labor, :
:
　　　　　　　　　　Plaintiff, : 　Civil Action No. **JUDGE GUZMAN**
: 　　　　　　　　　　　　　**MAGISTRATE JUDGE DENLOW**
　　v. :
:
**MICHAEL J. VASILKO, VASILKO** :
**ARCHITECTS AND ASSOCIATES, INC.** :
**AND THE VASILKO, HAUSERMAN** :
**AND ASSOCIATES 401(k) PLAN**, :
:
　　　　　　　　　　Defendants. :
:
------------------------------------

**COMPLAINT**

　　Plaintiff Elaine L. Chao, Secretary of Labor United States Department of Labor (the "Secretary") alleges:

**JURISDICTION AND VENUE**

　　**1.**　　This action arises under Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1001, et seq., and is brought by the Secretary under ERISA §§502(a)(2) and (5), to enjoin acts and practices which violate the provisions of Title I of ERISA, to obtain appropriate equitable relief for breaches of fiduciary duty under ERISA §409, 29 U.S.C. §1109, and to obtain such further equitable relief as may be appropriate to redress violations and to enforce the provisions of Title I of ERISA.

2. This court has jurisdiction over this action pursuant to ERISA §502(e)(1), 29 U.S.C. §1132(e)(1).

3. The Vasilko, Hauserman and Associates, Inc. 401(k) Plan ("the Plan") is an employee pension plan within the meaning of ERISA §3(3), 29 U.S.C. §1002(3), and is, therefore, subject to the coverage of the Act pursuant to ERISA §4(a), 29 U.S.C. §1003(a).

4. Venue of this action lies in the Northern District of Illinois, pursuant to ERISA §502(e)(2), 29 U.S.C. §1132(e)(2), because the Plan was administered in Chicago, Cook County, Illinois within this district.

## DEFENDANTS

5. The business, currently located at 1 IBM Plaza, 330 N. Michigan, Suite 2123, Chicago, Illinois 60611, was first incorporated as VMC Architects, Inc (VMC). an Illinois corporation. VMC, which originally sponsored the Plan, was involuntarily dissolved on July 1, 2005. VMC was succeeded by Vasilko, Hauserman and Associates, Inc (VHA), an Illinois corporation which also was subsequently involuntarily dissolved on October 2, 2006. VHC was succeeded by the current corporate entity VAA. At all relevant times, VCM, VHA and VAA were administrators of the Plan within the meaning of ERISA §§3(16)(A), 29 U.S.C. §§1002(16)(A), fiduciaries of the Plan within the meaning of ERISA §3(21)(A), 29 U.S.C. §1002(21)(A), and parties in interest to the Plan within the meaning of ERISA §3(14)(A) and (C), 29 U.S.C. §1002(14)(A) and (C).

6. At all relevant times, Michael J. Valisko, who resides at 2728 Reese Ave, Evanston, Illinois 60201, has been President of VMC, VHA and VAA, sole trustee and a

named fiduciary of the Plan, and a fiduciary of the Plan within the meaning of ERISA §3(21)(A), 29 U.S.C. §1002(21)(A).

.    7.    The Plan is named as defendant herein pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to assure that complete relief can be granted.

## ALLEGATIONS

### (Failure to administer the Plan)

8.    Paragraphs 1 through 7 above are realleged and incorporated herein by reference.

9.    The Plan, a prototype Plan, was prepared by Plan Administrators, Inc. (PAI), the Plan's Third Party Administrator. VMC initially sponsored and established the Plan, effective January 1, 2000, amended and restated on January 1, 2003, to provide benefits to its employees upon retirement, death or disability. Upon VMC's involuntary dissolution, VHA sponsored the Plan until VHA's involuntary dissolution on October 2, 2006, when VAA assumed sponsorship of the Plan and was Plan Administrator.

10.    At all relevant times, the Plan's governing documents, which were adopted by VMC, VHA and VAA, provided, in pertinent part, that participants could make pre-tax contributions to the Plan; and that a participant whose employment is terminated for any reason is entitled to receive in full a distribution of his vested account balance in lump sum or roll-over to another plan as soon as administratively feasible, without written request.

11.    Seligman Advisors, Inc. is the custodial trustee for the Plan.

12.    Upon information and belief, for the period subsequent to 2005, Defendants Michael J. Vasilko and VAA failed to authorize the distribution of participants'

vested account balances in the Plan to those employees who had terminated their employment and requested distribution or roll-over of their Plan accounts. Vasilko and VAA effectively abandoned the Plan by failing to authorize termination of the Plan and distribution of its assets to the Plan's participants.

13. To the best of Plaintiff's information and belief, no individual or entity has taken fiduciary responsibility for the operation and administration of the Plan and its assets since 2005. .

14. Since no individual or entity has administered the Plan, participants and beneficiaries of the Plan have not been able to obtain distributions from the Plan of their individual account balances and participants' inquiries have gone unanswered.

15. By the conduct described in paragraph 9 through 14 above, defendants Michael Vasilko and VAA have:

 a. failed to discharge its duties with respect to the Plan solely in the interests of the participants and beneficiaries and in accordance with the documents and instruments governing the Plan insofar as such documents and instruments are consistent with ERISA, in violation of ERISA §404(a)(1)(A), 29 U.S.C. §1104(a)(1)(A).

 b. failed to discharge its duties with respect to the Plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA §404(a)(1)(B), 29 U.S.C. §1104(a)(1)(B); and

  **c.** failed to discharge its duties with respect to the Plan solely in the interests of the participants and beneficiaries and in accordance with the documents and instruments governing the Plan insofar as such documents and instruments are consistent with ERISA, in violation of ERISA §404(a)(1)(D), 29 U.S.C. §1104(a)(1)(D).

## PRAYER FOR RELIEF

WHEREFORE, the Secretary prays for judgment:

**A.** Permanently enjoining defendants Michael J. Jalisco and VAA from violating the provisions of Title I of ERISA;

**B.** Removing defendants Michael J. Valisko and VAA from their positions as fiduciaries with respect to the Plan and appointing an independent fiduciary to administer the Plan in order to effectuate its termination and the distribution of Plan assets to the participants and beneficiaries;

**C.** Awarding the Secretary the costs of this action; and

**D.** Ordering such further relief as is appropriate and just.

 

**GREGORY F. JACOB**
Solicitor of Labor

**JOAN E. GESTRIN**
Regional Solicitor

| | |
|---|---|
| **P.O. ADDRESS:** |   s/Phyllis B. Dolinko |
| Office of the Solicitor | **PHYLLIS B. DOLINKO** |
| U.S. Department of Labor | Senior Trial Attorney |
| 230 South Dearborn Street | |
|  Eighth Floor | |
| Chicago, Illinois 60604 | Attorneys for Elaine L. Chao, |
| Telephone: (312) 353-6973 | Secretary of Labor, United States |
| Facsimile: (312) 353-5698 | Department of Labor, Plaintiff |